UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JASON GREENE, | ) | |
| | ) | CAUSE NO. 1:14-cv-1065 |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | JURY TRIAL REQUESTED |
| | ) | |
| JAMES VAUGHAN, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

### I. Nature of Case

1. This lawsuit seeks money damages against City of Lawrence police officer James Vaughan for the unreasonable seizure and malicious prosecution of Jason Greene.

### II. Jurisdiction and Venue

2. This action is brought pursuant to 42 U.S.C. §1983 and is premised on the fourth amendment to the United States Constitution. This Court has original subject matter jurisdiction of the federal questions presented, pursuant to 28 U.S.C. §§1331 and 1343.

3. Venue is proper in this Court and Division, pursuant to 28 U.S.C. §1391, because the events giving rise to this action occurred in, and the defendant is a resident of Indianapolis, Indiana, which is located in the Indianapolis Division of the Southern District of Indiana.

### III. Parties

4. Plaintiff Jason Greene is an adult resident of Indiana.

5. Defendant James Vaughan is an adult resident of Indiana and is a police officer employed

by the City of Lawrence in its Lawrence Police Department ("LPD").

### IV. Facts

6. Jason Greene learned in March 2013 that he was the subject of an arrest warrant in Marion County.

7. Mr. Green turned himself in at the Arrestee Processing Center ("APC") in Indianapolis.

8. Mr. Greene was booked into the APC on theft charges on March 31, 2013.

9. Mr. Greene paid a bond and was released from jail about 24 hours after his arrest.

10. Subsequent to his arrest, Mr. Greene learned that he had been formally charged with Theft, a Class D Felony.

11. A probable cause affidavit, signed by Officer Vaughan on January 29, 2013, provided a sworn affirmation that Jason Greene stole a diamond ring from a Craig's List seller.

12. Officer Vaughan's affidavit provided details of him completing a photo array of possible suspects which he presented to the seller for identification.

13. The photo array included a photo of Jason Greene.

14. Initially, the seller did not select Jason Greene from the photo array because he did not recognize him as the alleged ring thief.

15. Officer Vaughan pointed to the photo of Jason Greene and told the seller that he was the right guy.

16. It was only after Officer Vaughan told the seller who to chose that he identified Jason Green as the alleged ring thief.

17. The seller did not independently recognize Jason Greene as the person who stole his ring.

18. Officer Vaughan's sworn affidavit provided false information regarding the positive identification of Jason Greene by the seller.

19. Jason Greene denies that he had any contact with the Craig's list seller and denies that he stole his ring.

20. Mr. Greene's home and computer were never searched by Officer Vaughan or any other law enforcement officer prior to his arrest.

21. Mr. Greene was never interviewed by Officer Vaughan or any other law enforcement officer prior to his arrest.

22. Officer Vaughan's false report of the incident caused Mr. Greene to be falsely charged with a Class D Felony for theft, unreasonably seized and held in confinement, and unreasonably prosecuted.

23. Mr. Greene hired Attorney Jeff Mendes to defend him and contest these false charges.

24. On December 16, 2013, Mr. Mendes learned from Marion County Deputy Prosecutor Conrad Shrock that the seller picked Mr. Greene out of the photo array only after Officer Vaughan told him who to pick.

25. This information was subsequently communicated to Mr. Greene by his attorney.

26. The State of Indiana dismissed the theft charge against Mr. Greene on April 1, 2014 citing evidentiary problems.

27. At all times relevant, Officer Vaughan was acting under color of state law.

28. At all times relevant, Officer Vaughan was acting within the scope of his employment with the City of Lawrence.

## V. Claims

29. Defendant Vaughan's actions constituted an unreasonable seizure and an unreasonable and/or a malicious prosecution, all in violation of the fourth amendment to the United States Constitution, actionable pursuant to 42 U.S.C. § 1983.

30. Plaintiff reserves the right to proceed with any and all claims which the facts averred in this Complaint support, pursuant to the notice pleading requirement of Federal Rule of Civil Procedure 8.

## VI. Jury Trial Requested

31. Jason Greene requests a jury trial on his claims.

## VII. Relief Requested

32. Jason Greene seeks all relief available under the law, including compensatory and punitive damages, attorney fees and costs, and all other appropriate relief.

Respectfully submitted,

Dated: June 26, 2014

*/s/ Richard A. Waples*
Richard A. Waples, Atty. No. 2132-49
Attorney for Plaintiff

**WAPLES & HANGER**
410 N. Audubon Road
Indianapolis, Indiana 46219
TEL: (317) 357-0903
FAX: (317) 357-0275
EMAIL: rwaples@wapleshanger.com